FILED'10 JUN 25 13:15USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JOHN EPHREM,

        Defendant.

CR No. 05-60005-AA

OPINION AND ORDER

AIKEN, Judge:

    Defendant, appearing *pro se*, moves to set aside, vacate or correct his sentence imposed as a result of a supervised release violation. Defendant argues that counsel rendered ineffective assistance by failing to file a notice of appeal after defendant requested that counsel do so and by failing to make certain objections. Defendant also moves for appointment of counsel. Upon a finding that defendant is capable of articulating his claims and that they are unlikely to succeed on the merits, I deny the motion for counsel.

1   - OPINION AND ORDER

Defendant claims that counsel was ineffective for failing to appeal the "illegal" sentence imposed by the court after defendant admitted violating the conditions of his supervised release. In particular, defendant argues that counsel should have appealed the court's ruling that defendant not receive any reduction in sentence based on his participation in the Residential Drug Abuse Program (RDAP) offered by the Bureau of Prisons (BOP). Defendant also argues that counsel should have objected to the victim impact statements offered by the government at the supervised release violation hearing. Defendant's claims are without merit.

Given defendant's lack of credibility, I find it questionable whether he actually asked counsel to file a notice of appeal on his behalf. Even if defendant requested that counsel file a notice of appeal and counsel refused, I find no prejudice.

The court sentenced defendant to a term of thirty-six months imprisonment with no further supervised release. The court was authorized to do so under 18 U.S.C. § 3583(e)(3), and defendant acknowledged in open court that he was aware of the potential maximum sentence. Further, counsel had no valid basis to appeal the court's recommendation that defendant participate in the RDAP program but receive no reduction in sentence upon completion of the program. The BOP is authorized to reduce the sentence of eligible prisoners who complete the RDAP; however, it is not required to do so. 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of

2    - OPINION AND ORDER

a nonviolent offense remains in custody after successfully completing a treatment program *may be* reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.") (emphasis added); <u>see also</u> <u>Lopez v. Davis</u>, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."). Thus, defendant was never <u>entitled</u> to a sentence reduction, and no prejudice resulted from counsel's failure to appeal.

Finally, defendant's counsel objected to the victim impact statements for several reasons, all of which were rejected, and no valid basis existed to support an appeal on this ground.

Accordingly, defendant's Motion Under 28 U.S.C. § 2255 and Motion for Appointment of Counsel (docs. 62, 63) are DENIED. IT IS SO ORDERED.

Dated this 24th day of June, 2010.

/s/ Ann Aiken
Ann Aiken
United States District Judge

3   - OPINION AND ORDER